IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BOYD G. PERRY, et al.,

        Plaintiffs,

v.                                          CIV 00-667 KBM/RLP

OXY USA, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING ACTION AS TIME-BARRED

      This matter is before the Court on Defendants' motions to dismiss and/or for summary judgment *(Docs. 22, 26, 33, 35)* which argue, among other things, that the action is barred by the applicable statute of limitations, and Plaintiffs' motion for default judgment *(Doc. 32)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. Having reviewed the motions, memoranda, exhibits and relevant authorities, I find there are no disputed issues of material fact concerning whether the this action is time-barred.

      In 1977, Henry H. Perry ("Henry") brought suit in state court against various oil companies for damage to his farm when salt water from the mining operations leached into his water supply. One of the oil companies he sued was the predecessor the corporate defendant in this suit. Henry also brought suit for personal injury and the death of his wife. The personal injury and wrongful death claims were dismissed by Judge N. Randolph Reese.

      There was disagreement among the family members over the lawsuit. On the eve of trial,

a letter signed by one of Henry's sons, Boyd Perry, was sent to a newspaper complaining that the property was valued at $60,000, but that they believed more was due them in compensation (approximately $190,000). The letter implored the readers in the name of religion to rectify matters. Defendants wanted the matter dismissed and charges of obstruction investigated.

Judge Reese dismissed the jurors and allowed some inquiry by Defendants into who knew about the letter. Boyd and Richard Perry were questioned. Casey Perry was also questioned about the letter, and during the questioning explained that Henry had given him power of attorney since Richard Perry resided in Alaska. At the end of the proceedings, Casey Perry settled for $59,000 saying he would talk to Henry, who he was sure would agree. Judge Reese recorded the settlement on the record. Three days later, Henry revoked Casey Perry's power of attorney and granted a new one in favor of his son Richard Perry.

Richard Perry attempted to have the settlement set aside as unauthorized and unfair. He appealed the adverse decision in that regard through the New Mexico Supreme Court. The court denied relief and subsequent motions for rehearing, the last one being in February 1983. Soon thereafter in the spring of 1983, Boyd Perry unsuccessfully attempted to disqualify Judge Reese. Someone also filed pleadings complaining of Defendant Houston's representation, but at some point, Judge Reese ordered payment by Henry and Richard Perry to Defendant Houston. In May 1983, Judge Reese also entered an order requiring payment to Defendant Crutchfield for his legal services rendered to Henry and Richard Perry. By November 1983, Richard Perry successfully petitioned the court to disburse the remaining proceeds of the settlement. In 1992, he acquired from his siblings or relatives all parcels of land which apparently comprised the entire family farm.

The case before me was filed May 8, 2000 by Boyd and Richard Perry and their relatives.

Federal jurisdiction is premised on claims brought pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiffs also bring a state claim for intentional infliction of emotional distress.  They name as defendants: the oil company's successor, the attorney who represented it during the state proceedings, Judge Reese's estate, and their former attorneys Crutchfield and Houston.  The complaint alleges a conspiracy among the defendants, arguing that the settlement should have been set aside and the earlier matter tried to a jury.  Plaintiffs demand damages between $250,000,000.00 to $1,000,000,000.00.

    I find that Plaintiffs' pleadings simply raise the same complaints made in the earlier state proceedings, attempting to relitigate what has already been settled long ago.  These documents establish that there is no question that the latest Plaintiffs had reason to know of facts underlying their claims was 1983.  Despite casting their allegations as a "continuing" violation, it is apparent that Plaintiffs mean they believe they still suffer and have not been adequately compensated by the course of litigation pursued in the late 1970's and early 1980's.

    As discussed in the memoranda submitted by Defendants Stout and Crutchfield, the longest applicable statute of limitations on any conceivable independent state claim is four years.  The federal claims would borrow the state statute of limitations period for the most analogous state claim, which would likewise have long since passed.  Plaintiffs' brought this action almost two decades after their claims accrued and their action is, therefore, time-barred.  Therefore, the other issues raised by Defendants need not be addressed.

    Wherefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Summary judgment will be entered in favor of Defendants on their statute of limitations defenses *(Docs. 22-1, 26-1, 26-2, 33-1, 35-1, 35-2)*;

2. Plaintiffs' motion for default is denied as moot *(Doc. 32)*; and

4. Final judgment shall be entered concurrently herewith.

                                                                          _____
UNITED STATES MAGISTRATE JUDGE